# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

| | |
|---|---|
| **SUSAN M. PRICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | **NO:_____** |
| ) | |
| **INTELLICORP RECORDS, INC.,** ) | |
| **HIGDON COMPANIES, INC. d/b/a** ) | |
| **PROFESSIONAL DRUG** ) | |
| **SCREENING SERVICES, INC., and** ) | |
| **NORTH AMERICAN CREDIT** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

PLAINTIFF SUSAN M. PRICE, files this Complaint and states as follows:

## INTRODUCTION

1.     Ms. Price brings this action against IntelliCorp Records, Inc. ("IntelliCorp"), Higdon Companies, Inc. d/b/a Professional Drug Screening Services, Inc. ("Professional Drug Screening Services, Inc."), and North American Credit Services, Inc. for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.     Congress passed the FCRA to protect consumers from the harm caused by inaccurate reporting.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to employers use "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

3.     The FCRA provides special protections when a CRA furnishes "items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment." 15 § U.S.C. 1681k.  In these situations, CRAs must either: (1) notify the consumer of the release of the public record information at the time the information is furnished to the user; or (2) establish strict procedures to maintain complete and up-to-date public record information.

4.     Defendants IntelliCorp and Professional Drug Screening Services, Inc. violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681k by publishing grossly inaccurate criminal record information about Ms. Price in a consumer report used for employment purposes.

5.     The FCRA also requires CRAs, upon request of the consumer, to "clearly and accurately disclose . . . . (1) *All* information in the consumer's file at the time of the request."  15 § U.S.C. 1681g(a) (emphasis added).

6.     Defendants IntelliCorp and Professional Drug Screening Services, Inc. both violated the FCRA by failing to provide Ms. Price with a copy of all information in her file pursuant to 15 U.S.C. § 1681g after she requested such information.

7.     Congress also created heightened standards regulating how employers obtain and use information in consumer reports to conduct background checks on prospective employees.  15 U.S.C. § 1681b(b)(3).  Under the FCRA, employers are required to provide notices to applicants before taking an adverse employment action whenever that decision is based, even just in part, on a consumer report.  *Id.*

8.     Defendant North American Credit Services, Inc. violated the FCRA by taking an adverse employment action against Ms. Price based on undisclosed consumer report information, without first providing Ms. Price the pre-adverse action notice required by the FCRA.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

10.    Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendants regularly conduct business in this district and division.

11.    IntelliCorp has contracted to supply services or things in Georgia.  It sells reports in Georgia and produces consumer reports on Georgia residents. IntelliCorp also gathers and maintains substantial public records data from Georgia.

12.    Professional Drug Screening Services, Inc.'s website states that it "offer[s] service across the country to accommodate businesses with locations throughout the US."   *See*   http://www.prodrugscreening.com/prodrugscreen/ index.php/ why-choose-us (last visited on April 16, 2014).  It has contracted to supply services or things in Georgia and regularly does and solicits business in Georgia, including producing consumer reports on Georgia residents and providing other goods and services to businesses in Georgia.

13.    North American Credit Services, Inc. has contracted to supply services or things in Georgia, and regularly solicits and does business in Georgia. The "Client Testimonials" portion of its website lists multiple clients whose businesses are located in Georgia.  *See* http://www.nacscom.com/www/docs/112 (last visited on April 16, 2014).

## PARTIES

14.    Ms. Price is a natural person and a "consumer" as protected and governed by the FCRA.

15.    IntelliCorp is a Delaware corporation that conducts business throughout the United States.  At all times relevant hereto, IntelliCorp was a consumer reporting agency ("CRA") as defined by 15 § U.S.C. 1681a(f).

16.    Professional Drug Screening Services, Inc. is a Tennessee corporation that offers a variety of services to companies throughout the United States, including "Background Checks," which contain "Motor Vehicle Report[s]" and "National Crime Search[es] (includ[ing] SS# Check, terrorist and sex offender checks)."    *See*    http://www.prodrugscreening.com/prodrugscreen/index.php/services (last visited on April 16, 2014).

17.    Professional Drug Screening Services, Inc. is a reseller of consumer reports as defined by 15 § U.S.C. 1681a(u).  It receives its background information directly from IntelliCorp.

18.    North American Credit Services, Inc. is a Tennessee corporation that specializes in collecting healthcare receivables.  According to its website, North American Credit Services, Inc. "operates within the Fair Debt Collections Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), The Consumer Protection Act

(CPA) and all state and federal laws." *See* http://www.nacscom.com/www/ docs/4/reasons-for-nacs (last visited on April 16, 2014).

## FACTUAL ALLEGATIONS

19.    In or about March 2013, Ms. Price applied for employment with North American Credit Services, Inc.

20.    As part of her application for employment, North American Credit Services, Inc. ordered a background report on Plaintiff from Professional Drug Screening Services, Inc.

21.    On March 27, 2013, Professional Drug Screening Services, Inc. ordered a consumer report from IntelliCorp using, among other information, Plaintiff's first name, middle initial, last name, birthday, and the last four digits of her social security number.

22.    On March 28, 2013, IntelliCorp completed its background report on Plaintiff and e-mailed the completed report to Professional Drug Screening Services, Inc.  This report was a consumer report as defined by 15 § U.S.C. 1681a(d), and it contained adverse public record information purportedly about Ms. Price.

23.    IntelliCorp did not provide Plaintiff notice of the fact that it was reporting adverse public record information purportedly about her either

6

contemporaneously with or after the fact, nor did it subsequently send her a copy of the report it had made.  (A copy of the report is attached as Ex. A.)

24.    The consumer report stated that IntelliCorp's Criminal SuperSearch database found results for Plaintiff.  Specifically, IntelliCorp matched Plaintiff to a criminal record belonging to an individual named "Susan Price" who has a criminal conviction in Kentucky.  This criminal record does not belong to Plaintiff.

25.    IntelliCorp matched this criminal record to Plaintiff despite the fact that it did not have a match based on Plaintiff's middle name.   Indeed, the consumer report acknowledged that Plaintiff's middle name did not match the information in the criminal record, stating "NAME MATCH – Check Middle Name."

26.    IntelliCorp matched this record to Plaintiff despite the fact that it did not have a match based on Plaintiff's birthdate.   In fact, IntelliCorp knew that Plaintiff's date of birth is 01/17/1980 and the individual with the criminal record had a birth year of 1979.  Even though IntelliCorp knew that Plaintiff was not even born in the same year as the individual with the criminal record, the consumer report states that IntelliCorp had a "YEAR OF BIRTH MATCH."

27.    IntelliCorp matched this record to Plaintiff despite the fact that it did not have a match based on the last four digits of Plaintiff's social security number.

28.    As part of the consumer report, IntelliCorp provided an "Address History" on Plaintiff.  This address history does not contain a single address in Kentucky.  Plaintiff has never resided in Kentucky.  Nevertheless, IntelliCorp still matched Plaintiff to a criminal record for an individual in Kentucky with a criminal record in Kentucky.

29.    Upon information and belief, the consumer report also contained a photograph of the woman to whom the criminal record belonged.  IntelliCorp matched this record to Plaintiff despite the fact that woman in the photograph looks nothing like Plaintiff.

30.    Because IntelliCorp's SuperSearch system generates background reports instantly from its own internal database at the time of a request, there is no opportunity for IntelliCorp to conduct an individualized search and verify from current public records that the information reported is accurate, complete, and up to date before the report is furnished.  And despite not having a middle name match, a birthdate match, a birth year match, a social security number match, or an address history that matched the location of the criminal record to any state Plaintiff previously resided in, IntelliCorp did not conduct any individualized search to verify that the criminal record in Plaintiff's consumer report actually belonged to Plaintiff.

31.     IntelliCorp also does not update its database from which consumer reports are generated frequently enough to ensure that the information contained therein is accurate, complete, and up-to-date.

32.     After receiving the consumer report from IntelliCorp, Professional Drug Screening Services, Inc. resold the consumer report to North American Credit Services, Inc.

33.     Professional Drug Screening Services, Inc. took no steps to check the accuracy of the information in the consumer report it received from IntelliCorp. Instead, it resold the information in the consumer report created by IntelliCorp despite the fact that the consumer report matched Plaintiff to a criminal conviction for a woman who: (1) did not share Plaintiff's middle name; (2) did not share Plaintiff's date of birth; (3) did not share Plaintiff's year of birth; (4) did not share Plaintiff's social security number; (5) was convicted in a state that Plaintiff has never resided; and (6) looked nothing like Plaintiff.

34.     In or about April 2013, North American Credit Services, Inc. informed Plaintiff that it would not hire her due to information found in her background report.  North American Credit Services, Inc. did not provide Plaintiff with a copy of her consumer report before deciding not to hire her or at any other time.

35.    On March 4, 2014, Plaintiff mailed IntelliCorp a letter stating: "I recently learned that IntelliCorp issued a background report about me that contained incorrect information.  Accordingly, I am writing to request a copy of my complete IntelliCorp file, including a list of all employers or other entities to which you sent reports about me, and copies of all such reports."

36.    IntelliCorp responded to Plaintiff's full file disclosure request on March 12, 2014 with a letter containing the consumer report provided to Professional Drug Screening Services, Inc., and a cover letter stating that "Within the previous two (2) year period, no other companies have requested the background report enclosed for employment purposes.  No companies have requested your background report for purposes other than employment." (Attached as Ex. B.)  The full file disclosure provided by IntelliCorp arbitrarily contained only the information in her file for the previous two years.

37.    On March 4, 2014, Plaintiff mailed Professional Drug Screening Services, Inc. a letter stating: "I recently learned that Professional Drug Screening Services issued a background report about me that contained incorrect information. Accordingly, I am writing to request a copy of my complete Professional Drug Screening Services file, including a list of all employers or other entities to which you sent reports about me, and copies of all such reports."

38.     Professional Drug Screening Services, Inc. never responded to Plaintiff's request for her full file disclosure.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

## (IntelliCorp)

39.     Plaintiff realleges Paragraph Nos. 1-38 as if fully set forth herein.

40.     IntelliCorp violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

41.     IntelliCorp knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

42.     IntelliCorp obtained or had available substantial written materials that apprised it of its duties under the FCRA.

43.     Despite knowing of these legal obligations, IntelliCorp acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

44.    IntelliCorp's violation of 15 U.S.C. § 1681e(b) was willful, rendering IntelliCorp liable pursuant to 15 U.S.C. § 1681n.  In the alternative, IntelliCorp was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

45.    As a result of this conduct by IntelliCorp, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SECOND CLAIM FOR RELIEF

## (15 U.S.C. § 1681k)

## (IntelliCorp)

46.    Plaintiff realleges Paragraph Nos. 1-45 as if fully set forth herein.

47.    Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

48.     IntelliCorp violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her, and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

49.     IntelliCorp knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

50.     IntelliCorp obtained or had available substantial written materials that apprised it of its duties under the FCRA.

51.     Despite knowing of these legal obligations, IntelliCorp acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

52.     IntelliCorp's violation of 15 U.S.C. § 1681k was willful, rendering IntelliCorp liable pursuant to 15 U.S.C. § 1681n.  In the alternative, IntelliCorp was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

53.     As a result of this conduct by IntelliCorp, Plaintiff suffered actual damages including without limitation, by example only and as described herein on

her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681g)

## (IntelliCorp)

54.     Plaintiff realleges Paragraph Nos. 1-53 as if fully set forth herein.

55.     Section 1681g of the FCRA requires that upon request from a consumer, a consumer reporting agency shall clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request."

56.     The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."  15 U.S.C. § 1681a(g).

57.     IntelliCorp violated 15 U.S.C. § 1681g by providing information in Plaintiff's file only for the "previous two (2) year period" from the date of her request.  (Ex. B.)

58.     IntelliCorp knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.  *See Cortez v. Trans Union, L.L.C.*, 617 F.3d 688, 712 (3d Cir. 2010);

*Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 544-45 (E.D. Pa. 2012); *Holmes v. Telecheck Int'l.*, 556 F. Supp. 2d 819, 838 (M.D. Tenn. 2008).

59.     IntelliCorp obtained or had available substantial written materials that apprised it of its duties under the FCRA.

60.     Despite knowing of these legal obligations, IntelliCorp acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

61.     IntelliCorp's violation of 15 U.S.C. § 1681g was willful, rendering IntelliCorp liable pursuant to 15 U.S.C. § 1681n.  In the alternative, IntelliCorp was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

62.     As a result of this conduct by IntelliCorp, Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## FOURTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

## (Professional Drug Screening Services, Inc.)

63.     Plaintiff realleges Paragraph Nos. 1-62 as if fully set forth herein.

64.    Professional Drug Screening Services, Inc. violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

65.    Professional Drug Screening Services, Inc. knew or should have known about its obligations under the FCRA.   These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

66.    Professional Drug Screening Services, Inc. obtained or had available substantial written materials that apprised it of its duties under the FCRA.

67.    Despite knowing of these legal obligations, Professional Drug Screening Services, Inc. acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

68.    Professional Drug Screening Services, Inc.'s violation of 15 U.S.C. § 1681e(b) was willful, rendering Professional Drug Screening Services, Inc. liable pursuant to 15 U.S.C. § 1681n.   In the alternative, Professional Drug Screening Services, Inc. was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

69.    As a result of this conduct by Professional Drug Screening Services, Inc, Plaintiff suffered actual damages including without limitation, by example

16

only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## FIFTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681k)

## (Professional Drug Screening Services, Inc.)

70.     Plaintiff realleges Paragraph Nos. 1-69 as if fully set forth herein.

71.     Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment purposes, and such information is likely to have an adverse effect on employment, the CRA must:

> (1)  at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

72.     Professional Drug Screening Services, Inc. violated 15 U.S.C. § 1681k by failing to notify Plaintiff that it was reporting public record information about her, and failing to maintain strict procedures to insurer that the public record information it was reporting was complete and up to date.

17

73.   Professional Drug Screening Services, Inc. knew or should have known about its obligations under the FCRA.   These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

74.   Professional Drug Screening Services, Inc. obtained or had available substantial written materials that apprised it of its duties under the FCRA.

75.   Despite knowing of these legal obligations, Professional Drug Screening Services, Inc. acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

76.   Professional Drug Screening Services, Inc.'s violation of 15 U.S.C.   § 1681k was willful, rendering Professional Drug Screening Services, Inc. liable pursuant to 15 U.S.C. § 1681n.   In the alternative, Professional Drug Screening Services, Inc. was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

77.   As a result of this conduct by Professional Drug Screening Services, Inc., Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SIXTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681g)

## (Professional Drug Screening Services, Inc.)

78.    Plaintiff realleges Paragraph Nos. 1-77 as if fully set forth herein.

79.    Section 1681g of the FCRA requires that upon request from a consumer, a consumer reporting agency shall clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request."

80.    The FCRA defines "file" as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."  15  U.S.C. § 1681a(g).

81.    Professional Drug Screening Services Inc. violated 15 U.S.C. § 1681g by failing to provide Plaintiff with her file upon request.

82.    Professional Drug Screening Services Inc. knew or should have known about its obligations under the FCRA.   These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.  *See Cortez v. Trans Union, L.L.C.*, 617 F.3d 688, 712 (3d Cir. 2010); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 544-45 (E.D. Pa. 2012); *Holmes v. Telecheck Int'l.*, 556 F. Supp. 2d 819, 838 (M.D. Tenn. 2008).

83.    Professional Drug Screening Services Inc. obtained or had available substantial written materials that apprised it of its duties under the FCRA.

84.    Despite knowing of these legal obligations, Professional Drug Screening Services Inc. acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

85.    Professional Drug Screening Services Inc. violation of 15 U.S.C. § 1681g was willful, rendering Professional Drug Screening Services Inc. liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Professional Drug Screening Services Inc. was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

86.    As a result of this conduct by Professional Drug Screening Services Inc., Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## SEVENTH CLAIM FOR RELIEF

## (15 U.S.C. § 1681b(b))

## (North American Credit Services, Inc.)

87.    Plaintiff realleges Paragraph Nos. 1-86 as if fully set forth herein.

88.    North American Credit Services, Inc. used a consumer report to take an adverse employment action against Plaintiff.

89.    North American Credit Services, Inc. violated Section 1681b(b)(3)(A) by failing to provide Plaintiff with a copy of the consumer report and a description of her rights under the FCRA before taking an adverse employment action against her that was based, even in part, on the consumer report.

90.    This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance.  (Ex. C - Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the FCRA) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action.  Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information….")

91.    North American Credit Services, Inc. knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. *See Reardon v. Closetmaid Corp.*,

21

No. 2:08-cv-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) (certifying class against company for employment applicants who did not receive pre-adverse action notice); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (class settlement for violation of Section 1681b(b)(3)(A)); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880 (S.D. Oh. May 24, 2013) (class settlement for pre-adverse action class); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012) ("The 'clear purpose' of this section is to afford employees time to 'discuss reports with employers or otherwise respond before adverse action is taken.") (internal quotations omitted); *Beverly v. Wal-Mart Stores, Inc.*, CIV. A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) ("Simultaneous provision of a consumer report with a notice of adverse action fails to satisfy § 1681b(b)(3)(A) requirement. Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report."); *Williams v. Telespectrum*, Civ. No. 3:05cv853 (E.D. Va. 2006) ("An employer must provide a copy of the report with "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report.").

92.     Despite knowing of these legal obligations, North American Credit Services, Inc. acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

93.     North American Credit Services, Inc.'s violation of 15 U.S.C. § 1681b(b)(3)(A) was willful, rendering North American Credit Services, Inc. liable pursuant to 15 U.S.C. § 1681n.  In the alternative, North American Credit Services, Inc. was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

94.     As a result of this conduct by North American Credit Services, Inc., Plaintiff suffered actual damages including without limitation, by example only and as described herein on her behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.     That judgment be entered for Plaintiff against Defendant IntelliCorp for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

b.     That judgment be entered for Plaintiff against Defendant Professional Drug Screening Services, Inc. for actual and/or

statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

c.    That judgment be entered for Plaintiff against Defendant North American Credit Services, Inc. for actual and/or statutory damages, punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

d.    That the Court grant such other and further relief against Defendants as may be just and proper, including but not limited to any equitable relief that may be permitted.

## DEMAND FOR JURY TRIAL

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: April 16, 2014

By: /s/ Andrew L. Weiner
    Andrew L. Weiner
    Georgia Bar No. 808278
    Jeffrey B. Sand
    Georgia Bar No. 181568
    THE WEINER LAW FIRM LLC
    3525 Piedmont Road
    7 Piedmont Center, 3rd Floor
    Atlanta, Georgia 30305

24

(404) 205-5029 (Tel.)
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@atlantaemployeelawyer.com
js@atlantaemployeelawyer.com

COUNSEL FOR PLAINTIFF